UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHN THORKELSON, as
Personal Representative of the Estate
of Debi Lyn Thorkelson,

      Plaintiff,

v.                                                            Case No.:  2:19-cv-263-SPC-MRM

CARMINE MARCENO and
ROBERT CASALE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Pending before the Court is a Renewed Motion to Tax Costs, filed on March 24, 2021.  (Doc. 77).  Plaintiff filed a response in opposition to the motion on March 31, 2021.  (Doc. 78).  Based on the arguments asserted in Plaintiff's opposition brief, the Undersigned required supplemental briefing.  (Doc. 80).  Accordingly, Plaintiff filed a supplemental brief, (Doc. 81), and Defendants filed a response, (Doc. 82).

      This matter is ripe for the Court's review.  For the reasons set forth below, the Undersigned recommends that the Renewed Motion to Tax Costs (Doc. 77) be **GRANTED in part and DENIED in part.**

I.    **BACKGROUND**

Plaintiff, as personal representative of the Estate of Debi Lyn Thorkelson,

initially filed his Complaint in state court on April 10, 2019.  (Doc. 1).[1]  The action

was removed to this Court on April 23, 2019.  (*Id.*).   In the operative Complaint,

Plaintiff alleged four counts:  (1) Battery Resulting in Wrongful Death against

Defendant Carmine Marceno, in his official capacity; (2) Battery Resulting in

Wrongful Death against Defendant Robert Casale; (3) Excessive Use of Force

Pursuant to 42 U.S.C. § 1983 against Defendant Robert Casale; and (4) Negligence

against Defendant Carmine Marceno, in his official capacity.  (Doc. 4 at 5-11).[2]  The

case continued through the discovery phase of litigation, and, on July 2, 2020,

Defendants moved for summary judgment.  (Doc. 60).   On July 31, 2020, the Court

granted summary judgment for Defendants on each count of the Complaint, (Doc.

68), and judgment was entered in their favor on August 18, 2020, (Doc. 70).  Plaintiff

subsequently filed a Notice of Appeal as to the Order granting summary judgment,

(Doc. 69), and the Eleventh Circuit affirmed this Court's Order on March 23, 2021,

(Doc. 76).

---

[1]  Page number citations to the docket refer to the CM/ECF pagination, not the page
numbers listed at the bottom of any given document.

[2]  Access to the operative Complaint is currently restricted in CM/ECF because the
pleading contains the deceased's birthdate.  (*See* Doc. 3).  The Undersigned cites
herein to this unredacted version of the Complaint.  Notably, however, a redacted
version of the pleading is also available on the public docket.  (*See* Doc. 7).

While the appeal was pending, Defendants filed their first Motion to Tax Costs on August 25, 2020.  (Doc. 72).  On November 24, 2020, the Undersigned issued a Report and Recommendation recommending that the motion be denied without prejudice in light of the pending appeal.  (*See generally* Doc. 7).  The presiding United States District Judge accepted and adopted the Undersigned's Report and Recommendation on December 10, 2020.  (Doc. 75).

Following the Eleventh Circuit's Order affirming summary judgment in favor of Defendants, (Doc. 76), Defendants filed their Renewed Motion to Tax Costs on March 24, 2021, (Doc. 77).  Plaintiff filed a response in opposition on March 31, 2021.  (Doc. 78).  Based on the arguments asserted in Plaintiff's opposition brief – in which he asserts an inability to pay the costs taxed against him, (*see id.* at 4-5) – the Undersigned required supplemental briefing, (*see* Doc. 80).  Plaintiff filed a supplemental brief, (*see* Doc. 81), and Defendants responded, (*see* Doc. 82).

Before turning to the merits of the motion, the Undersigned notes that motions to tax costs are no longer required under this Court's new local rules that became effective February 1, 2021.  Rather, in amending the local rules, the Court specifically omitted any rule related to a motion to tax costs, leaving such motions to be governed solely by Fed. R. Civ. P. 54.  Under Fed. R. Civ. P. 54(d)(1), "[t]he clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  Thus, judicial review is required only when the non-prevailing party challenges the propriety of the Clerk of Court's taxation of costs against the non-prevailing party.  *See Winnie v. Infectious Diseases Assocs., P.A.*, No.

8:15-cv-2727-T-35MAP, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) (discussing the effect of Fed. R. Civ. P. 54(d)(1) and directing the prevailing party to follow "the proper procedure," which "is for . . . the prevailing party[] to file a verified bill of costs with the Clerk" to which the non-prevailing party may object and seek judicial review within seven days after the clerk taxes costs).

Having said that, however, for the sake of judicial efficiency, the Undersigned construes Plaintiff's response in opposition, (Doc. 78), as a motion for the Court to review of the taxation of costs. The Undersigned, therefore, considers the motion below. In so doing, the Undersigned first considers whether the requested costs are taxable before turning to whether a reduction in any cost award is warranted.

## II.    Motion to Tax Costs

### A.    The Parties' Arguments

Defendants filed their Renewed Motion to Tax Costs on March 24, 2021, seeking to recover $54,131.56 as "[t]he total costs necessarily incurred by Defendants." (Doc. 77 at 2). In support, Defendants maintain that they are the prevailing parties by virtue of the Eleventh Circuit's Order affirming summary judgment for Defendants and that they are, therefore, entitled to recover costs. (*Id.*). Attached to Defendants' motion is what appears to be an itemization of costs and an affidavit of attorney Robert C. Shearman. (Docs. 77-1; 77-2). Defendants, however, do not provide a delineation of which items are associated with which category or the total amount sought under any category. (*see id.*; *see also* Doc. 77). Additionally, Defendants maintain that a court may tax "(1) fees of the clerk and marshal; (2) fees

4

of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and copies of papers," as well as deposition and mediation costs.  (*See* Doc. 77 at 3 (alteration in original; quotation omitted)).  To that end, Defendants summarily state that "[t]he costs [with the exception of the mediation fees] sought were necessary to defend this case and are recoverable pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920."  (Doc. 77 at 3).  Additionally, Defendants contend that the costs for mediation are taxable under the Case Management and Scheduling Order.  (*See id.* at 3-4 (citing Doc. 3)).

In response, Plaintiff objects to eight specific costs, including:

- $65.50 for medical records dated December 10, 2019;
- $350.00 for copies of Plaintiff's Tax Returns for the years 2012 through 2018;
- $5,000.00 for Richard Ernest's expert retainer fee;
- $4,200.00 for Philip Hayden and Associates' expert retainer fee;
- $35.00 for service of process on medical Records Custodian The Beach Health Care;
- $416.36 for medical records from NCH Healthcare Systems;
- $29,625.00 for expert fees for Philip Hayden and Associates' review of file and preparation of report; and
- $10,000.00 for expert fees for Richard Ernest's review of file and preparation of report.

(*See* Doc. 78 at 1-3).  These amounts total $49,691.86 ($65.50 + $350.00 + $5,000.00 + $4,200.00 + $35.00 + $416.36 + $29,625.00 + $10,000.00 = $49,691.86).  (*See id.*).  The gravamen of Plaintiff's objections is that these costs are associated with reports and records that have "absolutely no connection or nexus to the trial court's granting

of final summary judgment in favor of Defendants nor the appeal opinion of March 23, 2020 rendered by the Eleventh Circuit Court of Appeals" and, therefore, "there is no basis in law or fact for the recovery of this cost." (*Id.*).  Additionally, Plaintiff objects to any award of costs against him due to his inability to pay. (*See id.* at 4-5).[3]

### B.   Legal Standard

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  Moreover, Congress has comprehensively regulated the taxation of costs in federal courts.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 lists the taxable costs:

> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;

---

[3] As noted above, the Undersigned required additional briefing on this issue. (*See* 80).  The Undersigned addresses these arguments in Section III, *infra.*

> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## C.    Analysis

As an initial matter, Defendants are indisputably the prevailing party in this litigation. The presiding United States District Judge granted Defendants' motion for summary judgment on all counts on July 31, 2020, (Doc. 68), and the Clerk of Court entered judgment in Defendants' favor on August 18, 2020, (Doc. 70). Moreover, the Eleventh Circuit affirmed the Order granting summary judgment for Defendants on March 23, 2021. (Doc. 76).

In light of this result, Defendants now seek to tax certain costs against Plaintiff. (*See* Docs. 77, 77-1). Defendants did not categorize the costs. (*See id.*). For the ease of analysis, the Undersigned categorizes Defendant's costs as follows: (1) $400.00 for the "Removal fee;" (2) a total of $325.00 in service of process fees; (3)

a total of $481.86 for medical records; (4) $350.00 in "Copies of Plaintiff's tax returns for years 2012 through 2018;" (5) a total of $48,825.00 in expert fees; (6) a total of $2,962.20 in court reporter fees and deposition transcripts; and (7) $787.50 in the "Mediator's fee to Denise Kennedy." (Doc. 77-1).[4]  The full amount Defendants seek is $54,131.56 ($400.00 + $325.00 + $481.86 + $350.00 + $48,825.00 + $2,962.20 + $787.50 = $54,131.56).  (*See id.*).

Additionally, Defendants attach an affidavit signed by defense counsel, in which counsel attests that "Defendants have necessarily incurred and expended the sums set forth in the Bill of Costs[,] attached to Defendants' Motion for Taxation of Costs as Exhibit 'A,' in defense of this action."  (Doc. 72-2 at 1).

The Undersigned finds that this affidavit does not comply fully with 28 U.S.C. § 1924, which requires that the party seeking to tax costs "attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, *that such item is correct* and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." *See* 28 U.S.C. § 1924 (emphasis added).  Specifically, the affidavit does not expressly attest that the costs are correct.  (*See* Doc. 72-2).  Nevertheless, counsel's attestation that the sums contained in the itemization of costs were "expended," (*see id.*), satisfies the Undersigned that the amounts are impliedly represented to be correct.

---

[4]  The Undersigned clarifies the precise items included in each category in the respective sections below.

Moreover, Plaintiff did not object to the taxation of costs on this basis.  Accordingly, the Undersigned finds it appropriate to proceed with an evaluation of each of the requested costs despite this deficiency.  Nevertheless, in the event that the presiding United States District Judge adopts the Undersigned's recommendation that the motion be denied without prejudice as to certain costs, the Undersigned recommends that Defendants be ordered on any renewed motion to provide an affidavit expressly attesting that the requested costs are correct.  *See* 28 U.S.C. § 1924*.*

### i.     Removal Fee

Defendants first seek to tax $400.00 for the removal fee in this action.  (*See* Doc. 77-1).  Plaintiff did not specifically object to the taxation of this fee.  (*See* Doc. 78 at 1-3).

Importantly, fees of the clerk and marshal, include filing fees, and are taxable under 28 U.S.C. § 1920(1).  *See EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir.2000).  This Court has previously found that the filing fee incurred in removing an action to federal court is taxable as a fee of the clerk.  *See Wiercioch v. Verizon Fla., LLC*, No. 8:11-cv-2129-T-30EAJ, 2013 WL 1442060, at *1 (M.D. Fla. Apr. 9, 2013); *Zainulabeddin v. Univ. of S. Fla. Bd. of Trustees*, No. 8:16-cv-637-T-30TGW, 2017 WL 2215675, at *1 (M.D. Fla. May 19, 2017), *aff'd,* 749 F. App'x 776 (11th Cir. 2018).  Accordingly, the Undersigned recommends that the motion be granted as to Defendants' request for the removal fee.

### ii.    Fees for Service of Process

Defendants seek to tax a total of $325.00 in costs for service of process, including $35.00 for service of process on The Island Pancake House, $35.00 for service of process on Yo/Taco, $35.00 for service of process on NCH Healthcare System, $35.00 for service of process on Outrigger Beach Resort, $35.00 for service of process on Junkanoo Restaurant, $35.00 for service of process on Pinchers, $35.00 for service of process on Lee Health, $35.00 for service of process on Medical Records Custodian of The Beach Health Center, and $45.00 for service of process on TJ Bruant ($35.00 + $35.00 + $35.00 +$35.00 +$35.00 +$35.00 +$35.00 + $35.00 + $45.00= $325.00).  (Doc. 77-1).  In the itemization of costs, Defendants provide only the name of the person or entity served, the date, the invoice number, and the cost. (*Id.*).  Notably absent is any evidence of the invoices.  (*See id.*).

Plaintiff specifically objects to the April 22, 2020 service of process on Medical Records Custodian The Beach Care because "[t]he records have absolutely no connection or nexus to the trial court's granting of final summary judgment in favor of Defendants nor the appeal opinion of March 23, 2020 rendered by the Eleventh Circuit Court of Appeals."  (Doc. 78 at 3).  As will be addressed more fully below, *see* Part I.C.vi., *infra*, however, Plaintiff's argument is unavailing because the mere fact that these records were not used in the summary judgment motion does not prohibit Defendants from recovering the costs.  Specifically, because the Undersigned finds that Defendants would be entitled to fees related to depositions that were not ultimately used but were related to an issue of the case present at the time the

deposition was taken, *see* Part I.C.vi., *infra*, so should Defendants be entitled to recover the costs of subpoenas served to obtain evidence that is related to an issue in the case even if it was ultimately not used.

Nevertheless, to tax costs for service of summons and subpoena, the summonses and subpoenas must have been "reasonable and necessary." *See Berlinger v. Wells Fargo*, No. 2:11-cv-459-FtM-29CM, 2016 WL 4920079, at *2 (M.D. Fla. Sept. 15, 2016). Fees of private process servers can be taxed as long as they do not exceed the statutorily authorized amount. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). This is currently $65.00 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Here, Defendants merely provide an itemized list of the person or entity served, the date, the invoice number, and total cost for each entry. (*See* Doc. 77-1). While all of the requested fees are within the permissible range, there is no other information given to the Court – beyond defense counsel's affirmance under penalty of perjury – to justify that these expenses were "necessarily incurred." (*See* Docs. 77, 77-1, 77-2). Moreover, Defendants provide no evidence – beyond defense counsel's affirmance under penalty of perjury – that they actually made these payments to the third parties or that such payments were in the amounts they now seek to tax. (*See id.*). Nevertheless, because Plaintiff failed to object on this basis and because the requested fees are clearly taxable and otherwise within the statutory limit, the Undersigned finds counsel's attestations minimally acceptable. Accordingly, the

Undersigned recommends that the motion be granted as to Defendants' request for these service fees.

### iii.   Fees for Medical Records

Defendants also seek to tax a total of $481.86 for various medical records, including $65.50 for medical records from SalusCare, Inc. and $416.36 medical records from NCH Healthcare System ($65.50 + $416.36 = $481.86).  (Doc. 77-1). In the itemization of costs, Defendants provide the location of the medical records, the date, the cost, and the invoice number.  (*Id.*).  Notably absent is any evidence of the invoices.  (*See id.*).

Plaintiff specifically objects to these costs because "[t]he records have absolutely no connection or nexus to the trial court's granting of final summary judgment in favor of Defendants nor the appeal opinion of March 23, 2020 rendered by the Eleventh Circuit Court of Appeals."  (Doc. 78 at 2-3).  As will be addressed more fully below, *see* Part I.C.vi., *infra*, however, Plaintiff's argument is unavailing because the mere fact that these records were not used in the summary judgment motion does not prohibit Defendants from recovering those costs.  Specifically, because the Undersigned finds that Defendants would be entitled to fees related to depositions that were not ultimately used but were related to an issue of the case present at the time the deposition was taken, *see* Part I.C.vi., *infra*, so should Defendants be entitled to recover the costs of records obtained that related to an issue in the case but ultimately not used.

Turning to the merits of the request, while the Undersigned acknowledges that costs attributable to discovery produced in response to subpoenas are recoverable under § 1920(4), Defendants have not shown here that the materials were, in fact, necessary for the case. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013). The party seeking recovery must show that the materials were necessary for the case. *Tempay Inc.*, 2013 WL 6145533, at *6. Thus, the burden is on Defendants to establish the nature of the documents and how they were used or intended to be used in the case. *Id.*; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, Defendants provide no evidence, beyond defense counsel's affirmance under penalty of perjury, that the copies were necessarily incurred. (*See* Docs. 77, 77-1, 77-2). Moreover, Defendants provide no documentation showing that they actually made these payments to the third parties, or that such payments were in the amounts they now seek to tax. (*See id.*). This Court has noted that the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds*, 596 F. App'x 768 (11th Cir. 2015). Thus, because Defendants fail to provide sufficient documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request to recover the fees for Plaintiff's medical records. *See id.* The Undersigned recommends that

Defendants be ordered on any renewed motion[5] to provide documentation to meet their burden to show that the fees were actually and necessarily incurred.  *See id.*

### iv.   Fees for Copies of Plaintiff's Tax Returns

Defendants also seek to tax $350.00 for "[c]opies of Plaintiff's tax returns for years 2012 through 2018."  (Doc. 77-1 at 1).  Plaintiff specifically objects to this cost because "[t]he records have absolutely no connection or nexus to the trial court's granting of final summary judgment in favor of Defendants nor the appeal opinion of March 23, 2020 rendered by the Eleventh Circuit Court of Appeals."  (Doc. 78 at 2-3).

While the Undersigned acknowledges that costs attributable to discovery produced in response to subpoenas are recoverable under § 1920(4), Defendants have not shown here that the materials were, in fact, necessary for the case.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013).  The party seeking recovery must show that the materials were necessary for the case.  *Tempay Inc.*, 2013 WL 6145533, at *6.  Again, the burden is on Defendants to establish the nature of the documents and how they were used or

---

[5] Although motions to tax costs are no longer required under this Court's Local Rules, the Undersigned finds and recommends that requiring a renewed motion is prudent in this circumstance because the onus rests with Defendants to cure the various deficiencies noted in this Report and Recommendation.

intended to be used in the case.  *Id.*; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

Here, Defendants provide no evidence, beyond defense counsel's affirmation under penalty of perjury, that the copies were necessarily incurred.  (*See* Docs. 77, 77-1, 77-2).  Moreover, Defendants provide no documentation showing that they actually made these payments to the third parties, or that such payments were in the amounts they now seek to tax.  (*See id.*).  This Court has noted that the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs."  *Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds*, 596 F. App'x 768 (11th Cir. 2015).  Thus, because Defendants fail to provide sufficient documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request to recover the fees for copies of Plaintiff's tax returns.  *See id.*  The Undersigned recommends that Defendants be ordered on any renewed motion to provide documentation to meet their burden to show that the fees were actually and necessarily incurred.  *See id.*

### v.   Expert Fees

Defendants also seek to tax a total of $48,825.00 for expert fees, which includes $5,000.00 for Richard Ernest's retainer fee, $4,200.00 for Philip Hayden & Associates' retainer fee, $10,000.00 for Richard Ernest's expert review and report, and $29,625.00 for Philip Hayden & Associates' expert review and report ($5,000.00 + $4,200.00 + $10,000.00 + $29,625.00 = $48,825.00).  (Doc. 77-1).  In the

itemization of costs, Defendants provide only the date and the cost of the item.  (*Id.*).

Notably absent is any evidence of the invoices.  (*See id.*).

Plaintiff objects to each of these costs, arguing that each has "absolutely no connection or nexus to the trial court's granting of final summary judgment in favor of Defendants nor the appeal opinion of March 23, 2020 rendered by the Eleventh Circuit Court of Appeals."  (Doc. 78 at 2-3).  To that end, Plaintiff notes that the fees would be recoverable had the case been tried and the experts testified, but Plaintiff argues the fees are not taxable under these circumstances.  (*Id.* at 4).

Notwithstanding Plaintiff's concession, "[e]xpert witness fees are not taxable under § 1920 unless the expert was appointed by the Court."  *Johnson v. Cumberland Gulf Grp. of Companies*, No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502526, at *8 (M.D. Fla. Jan. 23, 2019), *report and recommendation adopted,* No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019); *see also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010); *Paylan v. Teitelbaum*, No. 1:15-cv-159-MW-GRJ, 2018 WL 5289501, at *5 (N.D. Fla. Aug. 1, 2018), *report and recommendation adopted,* No. 1:15-cv-159-MW/GRJ, 2018 WL 5283442 (N.D. Fla. Oct. 24, 2018).  Thus, the Undersigned finds that the costs, as listed, do not appear to be taxable.  *See id.*

Having said that, however, expert witness fees are recoverable under 28 U.S.C. § 1920(3).  The Eleventh Circuit has observed, however, that "it is well settled that expert witness fees cannot be assessed in excess of witness fees provided in [28

U.S.C.] § 1821." *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983).  Section 1821 allows for awards of witness fees up to $40.00 for each day a witness attends court, appears before a Magistrate Judge, or gives his or her deposition. *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-cv-2960-T-SPF, 2020 WL 1873595, at *9 (M.D. Fla. Apr. 15, 2020) (citing 28 U.S.C. § 1821(a)(1)).

Thus, the Undersigned recommends that the presiding United States District Judge deny the motion without prejudice as to these costs.  To the extent any of these fees relate to an expert's testimony, however, the Undersigned recommends that Defendants be allowed on a renewed motion to seek to tax $40.00 per day for each day an expert witness attended court, appeared before a Magistrate Judge, or gave his or her deposition.  In doing so, however, the Undersigned recommends that Defendants be ordered on any renewed motion to provide documentation to meet their burden to show that the fees were actually and necessarily incurred. *See Pelc*, 2013 WL 3771233, at *5, *aff'd on other grounds*, 596 F. App'x 768 (noting that the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs").

### vi.    Court Reporter Fees and Deposition Transcripts

Defendants also seek to tax a total of $2,962.20 for court reporter fees associated with the court reporter's attendance at various depositions and/or a copy of various depositions, including $619.50 for a copy of the deposition transcripts of Matthew Woodby, James Leavens, and Sgt. Richard Zeltman, $598.00 for a copy of the deposition transcripts of Captain Robert Casale and Kara Snyder O'Bannon,

$516.75 for the court reporter's attendance at Plaintiff's deposition and for a copy of the transcript, $809.95 for a copy of deposition transcripts of Justin McMenamin and Paul Nader, and $418.00 for the court reporter's attendance at TJ Bryant's deposition and for a copy of the transcript ($619.50 + $598.00 + $516.75 + $809.95 + $418.00 = $2,962.20).  (Doc. 77-1 at 1).  In the itemization of costs, Defendants provide information as to whose deposition transcript is requested, whether the costs include the court reporter's attendance, the date, the invoice number, and the total cost. (*Id.*).  Notably absent is any evidence of the invoices.  (*See id.*).

Plaintiff does not specifically object to these fees.  (*See* Doc. 78 at 1-3).

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Deposition costs, including transcripts, are, therefore, taxable under § 1920(2).  *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Additionally, attendance fees of the court reporter or the per diem are also taxable.  *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-1380-T-30, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007).

Moreover, a deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable.  *See Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757-T-36AAS, 2018 WL 671342, at *3 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted*, No. 8:16-cv-1757-T-36AAS, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018).  Rather, deposition costs are recoverable if the deposition related to an issue that was present at the time the deposition was taken. *See W&O, Inc.*, 213 F.3d at 621.  Thus, "a deposition taken within the proper bounds

of discovery . . . will normally be deemed to be 'necessarily obtained [] for use in the case' and its costs will be taxed[.]" *Strong*, 2018 WL 671342, at *3 (quoting *Blanco v. Biscayne Wine Grp., LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *4 (S.D. Fla. June 13, 2014); alterations in original).

Here, however, Defendants provided no evidence – beyond defense counsel's averments – that these amounts were actually paid to third parties or that these deposition costs were reasonably and necessarily incurred.  As noted above, the "[f]ailure to provide supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd on other grounds*, 596 F. App'x 768 (11th Cir. 2015).  Accordingly, because Defendants fail to provide sufficient documentation verifying the costs incurred, the Undersigned recommends that the motion be denied without prejudice as to Defendants' request for these fees. *See id.*  The Undersigned recommends that Defendants be ordered on any renewed motion to provide documentation to meet their burden to show that the fees were actually and necessarily incurred. *See id.*

### vii.    Mediator's Fees

Finally, Defendants seek to tax $787.50 for Denise Kennedy's mediator fee. (Doc. 77-1).  Although Defendants correctly note that the original Case Management and Scheduling Order permits the prevailing party to recover mediation costs, (*see*

Doc. 33 at 13), and Plaintiff does not specifically dispute this cost, (*see* Doc. 78 at 1-3), Defendants are not entitled to these costs.

The Supreme Court has held that "courts may not award litigation expenses that are not specified in [28 U.S.C.] §§ 1821 and 1920," unless there is express authority from Congress. *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877 (2019). Relying on *Rimini Street, Inc. v. Oracle USA, Inc.*, this Court has found that notwithstanding any language in the operative Case Management and Scheduling Order, the Case Management and Scheduling Order "must give way to the Supreme Court's clear directive." *Jean-Pierre v. Naples Cmty. Hosp., Inc.*, No. 2:18-cv-98-FtM-38MRM, 2020 WL 1862612, at *1 (M.D. Fla. Apr. 14, 2020). Accordingly, the Undersigned recommends that the motion be denied as to Defendants' request to tax $787.50 for the mediator's fees.

In sum, the Undersigned recommends the motion be granted to the extent Defendants be awarded $400.00 for the removal fee and $325.00 for service fees for a total of $725.00 ($400.00 + $325.00 = $725.00). Additionally, the Undersigned recommends that the motion be denied as to Defendants' request to tax the mediator's fees. Finally, to the extent it seeks any other relief, the Undersigned recommends that the motion be denied without prejudice to Defendants' ability to seek those costs by renewed motion consistent with the Court's Order on the instant motion.

## III.   Whether a Reduction Is Warranted

Having determined the amount of the costs award, the Undersigned turns to the issue of whether a reduction of the award is warranted.  As noted above, based on the arguments asserted in Plaintiff's opposition brief – in which he asserts an inability to pay the costs taxed against him, (*see* Doc. 78 at 4-5) – the Undersigned required supplemental briefing.  (Doc. 80).  Plaintiff filed a supplemental brief, (Doc. 81), and Defendants filed a response, (Doc. 82).

### A.   The Parties' Arguments

In his response in opposition to Defendants' motion, Plaintiff requests that the Court "equitably consider Plaintiff's inability to pay any costs awarded" to Defendants, as the prevailing party.  (Doc. 78 at 4).  Accordingly, Plaintiff asks the Court to deny the award of costs based upon his inability to pay and "vacate the bill of costs as inequitable."  (*Id.*).  In support, Plaintiff argues "[t]hat an award of costs against Plaintiff in this action would be inappropriate due to Plaintiff's inability to . . . pay a cost award."  (*Id.* at 5).

In his supplemental briefing, Plaintiff attached documentation that he asserts "demonstrate[s] not only his 'inability to pay' but his 'dire' financial situation that shows any cost award against Plaintiff would be unfair, unjust and inequitable." (Doc. 81 at 1-2).  Specifically, Plaintiff attaches:  (1) his own affidavit, (Doc. 81-1 at 1-2); (2) a financial affidavit, (*id.* at 4-12); and (3) Social Security Benefit Statements for the years 2019 and 2020, (*id.* at 13).  Plaintiff highlights that he "has less than $2,000.00 in savings, owns no real property, and has no[] disposable income after

'meeting' his monthly living expenses." (Doc. 81 at 2). As a result, Plaintiff requests that Defendants' motion be denied. (*See id.*).

In response, Defendants preliminarily argue that Plaintiff's argument is meritless because the estate of Debi Lyn Thorkelson is the "real" plaintiff in the action and that Plaintiff has failed to provide any argument or documentation as to the estate's finances. (*See* Doc. 82 at 2-3 (citations omitted)). Additionally, Defendants contend that even if the Court were to consider Plaintiff's financial resources, Plaintiff has failed to show that his financial circumstances warrant a reduction in costs. (*See id.* at 3-4 (citations omitted)). Accordingly, Defendants request that the Court award costs to the extent permitted under Fed. R. Civ. P. 54. (*Id.* at 4).

### B.   Legal Standard

Although the language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, *see Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), "[a] district court may deny full costs if there is a sound basis for such a decision and the reason is stated by the court." *Palmer v. Johnson*, No. 2:09-cv-604- FtM-29, 2012 WL 4512918, at *2 (M.D. Fla. Oct. 2, 2012) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)). "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). If the Court "chooses to consider the non-prevailing party's

financial status, it should require substantial documentation of a true inability to pay." *Id.*  Notably, such documentation must be more than a "self-serving statement." *See Smith v. Conner*, No. 8:12-cv-52-T-30AEP, 2014 WL 1652419, at *2 (M.D. Fla. Apr. 23, 2014), *aff'd sub nom. Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027 (11th Cir. 2015).

### C.    Analysis

Upon review of Plaintiff's filings, the Undersigned finds that he is not entitled to a reduction in costs.

As Defendants note, liability for taxed costs attaches to the estate of Debi Lyn Thorkelson and David Thorkelson *in his capacity as personal representative of the same* – not to David Thorkelson individually.  *See Somerville v. United States*, No. 6:08-cv-787-Orl-22KRS, 2010 WL 3522046, at *1 (M.D. Fla. Aug. 16, 2010), *report and recommendation adopted,* No. 6:08-cv-787-Orl-22KRS, 2010 WL 3522034 (M.D. Fla. Sept. 8, 2010) (in a wrongful death action brought the personal representative, taxing costs against the personal representative of the estate in that capacity rather than against the personal representative individually); *Mardegan v. Mylan, Inc.*, No. 10-14285-CIV, 2012 WL 12850765, at *1 (S.D. Fla. Apr. 20, 2012), *report and recommendation adopted,* No. 10-14285-CIV, 2012 WL 12850766 (S.D. Fla. May 15, 2012) (taxing costs against the estate in a wrongful death action); *see also M.D.B. by & through T.M.B. v. Walt Disney Parks & Resorts US, Inc.*, No. 6:14-cv-1942-Orl-22GJK, 2017 WL 3065146, at *5 (M.D. Fla. July 19, 2017) (in an action brought by a

representative on behalf a minor, taxing costs against the representative in that capacity). Thus, the Undersigned finds that Plaintiff needed to show that the estate, rather than he individually, has a true inability to pay based on a dire financial situation. Because Plaintiff provided no documentation to show that the estate is indigent, the Undersigned finds that Plaintiff has failed to show that the estate has a true inability to pay based on a dire financial situation. *See Chapman*, 229 F.3d at 1039; *see also Palmer*, 2012 WL 4512918, at *2. Accordingly, the Undersigned finds that a reduction is not warranted.

Alternatively, if the presiding United States District Judge finds it appropriate to consider the financial status of Plaintiff individually, the Undersigned nonetheless finds that a reduction is not warranted. First, the Undersigned notes that Plaintiff did not seek leave to proceed *in forma pauperis*, which is without pre-payment of fees. Because this Court has previously taxed costs against persons proceeding *in forma pauperis*, *see Palmer* 2012 WL 4512918, at *3, the Undersigned finds that Plaintiff's failure to seek leave to proceed *in forma pauperis* severely undermines any assertion that he has a true inability to pay, *see Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1032 (11th Cir. 2015) (affirming a district court's decision to decline to reduce the taxable costs against a non-prevailing party, in part, because the non-prevailing party could pay the initial filing fee and the fee to appeal). Second, upon review of the documentation, the Undersigned finds that Plaintiff has not shown a true inability to pay. Plaintiff's affidavit shows that during the calendar years 2019 and 2020, Plaintiff had a gross income of $57,684.00. (Doc. 81-1 at 2 ¶ 5). Although it is

unclear whether that is the total amount throughout both years combined, (*see id.*),[6] the Undersigned finds that such an amount weighs against any cost reduction. Moreover, Plaintiff's Financial Affidavit shows that he is continuing to work as an Uber Eats driver.  (*See id.* at 4).  While Plaintiff highlights that his only other source of income is his Social Security benefits, (*see id.* at 2 ¶ 6), Plaintiff's ability to earn a monthly income undermines his assertion that a reduction is warranted, *see C.M.J. by & through D.L.J.*, 2017 WL 3065111, at *7 (noting that when determining whether to reduce costs, courts often consider the non-prevailing party's reliance on "Social Security disability payments, lack of employment, and indigent status").  Rather, Plaintiff has the ability to earn an income, suggesting that his financial situation is not so dire as to warrant a reduction in the cost award.  *C.f. id.*

Ultimately, based on the documentation provided by Plaintiff, the Undersigned finds that Plaintiff has not shown that he has a true inability to pay based on a dire financial situation.  *See Chapman*, 229 F.3d at 1039; *see also Brown v. Riedl*, No. 3:13-cv-36-J-34PDB, 2017 WL 1161306, at *3 (M.D. Fla. Mar. 29, 2017) (noting that while it may be difficult for the non-prevailing party to pay the costs, that fact alone was insufficient to warrant a reduction in costs).  Accordingly, the Undersigned finds that no reduction in the costs award is warranted.

---

[6]  Plaintiff's Financial Affidavit states that his gross income for 2020 was $37,567.00. (*See* Doc. 81-1 at 4).

In sum, the Undersigned finds that costs should be taxed against Plaintiff in his capacity as personal representative of the estate of Debi Lyn Thorkelson in the full amount permitted under the law.  Based on the documentation provided to the Court, the Undersigned finds that Defendants are entitled to tax a total of $725.00 at this time.  Additionally, because the parties are now fully aware of the extent to which the costs can be taxed, the Undersigned recommends that Defendants be directed to file any renewed motion to tax costs consistent with this Report and Recommendation within fourteen (14) days of the date of the District Judge's Order on this motion.  Finally, the Undersigned recommends that Defendants be warned that any renewed motion may not include fees found by the Court to be non-taxable.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.  The Renewed Motion to Tax Costs (Doc. 77) be **GRANTED in part and DENIED in part** as follows:

    a.  The motion be granted to the extent Defendants be awarded $400.00 for the removal fee;

    b.  The motion be granted to the extent Defendants be awarded $325.00 in fees for service of process;

    c.  The Clerk of Court be directed to enter a cost judgment for Defendants Carmine Marceno and Robert Casale in the amount of $725.00;

   d.   The motion be denied as to Defendants' request to tax the mediator's fee;

   e.   The motion be denied without prejudice to the extent it seeks any other relief; and

   f.   Defendants be given fourteen (14) days from the date of the District Judge's Order to file an adequately supported renewed motion, if they choose to do so.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 13, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is

served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties