UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHN THORKELSON, as
Personal Representative of the Estate
of Debi Lyn Thorkelson,

 Plaintiff,

v.            Case No.:  2:19-cv-263-SPC-MRM

CARMINE MARCENO and
ROBERT CASALE,

 Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Second Renewed Motion to Tax Costs, filed on November 10, 2021.  (Doc. 86).  Plaintiff does not oppose the relief sought.  (*See* Doc. 88 at 1).  This matter is ripe for the Court's review.  For the reasons set forth below, the Undersigned recommends that the Second Renewed Motion to Tax Costs (Doc. 86) be **GRANTED in part and DENIED in part.**

### BACKGROUND

Plaintiff, as personal representative of the Estate of Debi Lyn Thorkelson, initially filed his Complaint in state court on April 10, 2019.  (Doc. 1).[1]  The action was removed to this Court on April 23, 2019.  (*Id.*).  In the operative Complaint,

---

[1] Page number citations to the docket refer to the CM/ECF pagination, not the page numbers listed at the bottom of any given document.

Plaintiff alleged four counts: (1) Battery Resulting in Wrongful Death against Defendant Carmine Marceno, in his official capacity; (2) Battery Resulting in Wrongful Death against Defendant Robert Casale; (3) Excessive Use of Force Pursuant to 42 U.S.C. § 1983 against Defendant Robert Casale; and (4) Negligence against Defendant Carmine Marceno, in his official capacity. (Doc. 3 at 5-11).[2] The case continued through the discovery phase of litigation, and, on July 2, 2020, Defendants moved for summary judgment. (Doc. 60). On July 31, 2020, the Court granted summary judgment for Defendants on each count of the Complaint, (Doc. 68), and judgment was entered in their favor on August 18, 2020, (Doc. 70). Plaintiff subsequently filed a Notice of Appeal as to the Order granting summary judgment, (Doc. 69), and the Eleventh Circuit affirmed this Court's Order on March 23, 2021, (Doc. 76).

While the appeal was pending, Defendants filed their first Motion to Tax Costs on August 25, 2020. (Doc. 72). On November 24, 2020, the Undersigned issued a Report and Recommendation recommending that the motion be denied without prejudice in light of the pending appeal. (*See generally* Doc. 74). The presiding United States District Judge accepted and adopted the Undersigned's Report and Recommendation on December 10, 2020. (Doc. 75).

---

[2] Access to the operative Complaint is currently restricted in CM/ECF because the pleading contains the deceased's birthdate. (*See* Doc. 3). The Undersigned cites herein to this unredacted version of the Complaint. Notably, however, a redacted version of the pleading is also available on the public docket. (*See* Doc. 7).

Following the Eleventh Circuit's Order affirming summary judgment in favor of Defendants, (Doc. 76), Defendants filed their first Renewed Motion to Tax Costs on March 24, 2021, (Doc. 77). Plaintiff filed a response in opposition on March 31, 2021. (Doc. 78).

On October 13, 2021, the Undersigned issued a Report and Recommendation recommending that Renewed Motion to Tax Costs, (Doc. 77), be granted in part and denied in part. (*See generally* Doc. 83). The Undersigned recommended granting the motion to the extent Defendants be awarded $400.00 for the removal fee and $325.00 in fees for service of process. (*Id.* at 9-12, 26). However, the Undersigned recommended denying the motion as to Defendants' request to tax the mediation fees, (*see id.* at 19-20), and denying the motion without prejudice to the extent Defendants sought any other relief, in part due to the lack of documentation evincing that the remaining costs were reasonably and necessarily incurred, (*see id.* at 14-19). On October 28, 2021, the presiding United States District Judge accepted and adopted the Undersigned's Report and Recommendation. (Doc. 84).

Defendants filed their Second Renewed Motion to Tax Costs on November 10, 2021. (Doc. 86).³ Although the motion stated that Plaintiff did not consent to

---

³ In the October 13, 2021 Report and Recommendation, the Undersigned acknowledged that motions to tax costs are no longer required under this Court's Local Rules. (*See* Doc. 83 at 3-4). Nevertheless, for the sake of judicial efficiency, the Undersigned construed Plaintiff's response in opposition, (Doc. 78), as a motion for the Court to review of the taxation of costs, (*see* Doc. 83 at 4). The Undersigned, therefore, considered the motion. The Report and Recommendation, which was adopted in full by the presiding United States District Judge, recommended that Defendants be directed to file any renewed motion to tax costs within fourteen (14)

3

the requested relief, (*see id.* at 4), Plaintiff failed to timely respond to the motion. As a result, the Undersigned ordered Plaintiff to respond to the motion by a date certain and warned that failure to do so would result in the Undersigned deeming the motion to be unopposed. (*See* Doc. 87). In response, Plaintiff filed Plaintiff's Response to the Paperless Order of November 29, 2021 (Document Number 87), stating that Plaintiff does not object to the relief sought. (Doc. 88 at 1).

### Legal Standard

Under Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Section 1920 lists the taxable costs:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

---

days of the date of the District Judge's Order on the first renewed motion. (*Id.* at 26). Thus, the Undersigned finds that the second renewed motion is procedurally proper.

4

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## Analysis

As an initial matter, Defendants are indisputably the prevailing parties in this litigation. The presiding United States District Judge granted Defendants' motion for summary judgment on all counts on July 31, 2020, (Doc. 68), and the Clerk of Court entered judgment in Defendants' favor on August 18, 2020, (Doc. 70). Moreover, the Eleventh Circuit affirmed the Order granting summary judgment for Defendants on March 23, 2021. (Doc. 76).

In light of this result, Defendants now seek to tax a total of $2,962.20 in court reporter fees and deposition transcripts. (Doc. 86 at 2).

Importantly, the October 13, 2021 Report and Recommendation, adopted in full by the presiding United States District Judge, recommended that Defendants be ordered on any renewed motion to provide an affidavit expressly attesting that the requested costs are correct. (*See* Doc. 84 at 8-9). Yet, Defendants failed to attach an affidavit signed by defense counsel. Given its relation to the previous motion, the Undersigned finds that Defendants impliedly reincorporated their previous affidavit into the instant motion. (*See* Doc. 72-2). As discussed in the Undersigned's previous Report and Recommendation, (*see* Doc. 83 at 8), however, the affidavit does not comply fully with 28 U.S.C. § 1924 because the affidavit does not expressly attest that the costs are correct, (*see* Doc. 72-2). Nonetheless, the Undersigned again finds that the affidavit satisfies the Undersigned that the amounts are impliedly represented to be correct. (*See* Doc. 83 at 8-9; *see also* Docs. 72, 72-2). Moreover, Plaintiff did not object to the taxation of costs on this basis. Accordingly, the Undersigned finds it appropriate to proceed with an evaluation of each of the requested costs despite the affidavit's deficiency. Nevertheless, the Undersigned admonishes Defendants for failing to comply with the Court's previous Order. (*See* Doc. 84; *see also* Doc. 83 at 8-9).

In their Second Renewed Motion to Tax Costs, "Defendants seek to tax $2,962.20 for court reporter fees associated with various depositions." (Doc. 86 at 2). More particularly, Defendants seek to tax $619.50 for a copy of the deposition

6

transcripts of Matthew Woodby, James Leavens, and Sgt. Richard Zeltman, $598.00 for a copy of the deposition transcripts of Captain Robert Casale and Kara Snyder O'Bannon, $516.75 for the court reporter's attendance at Plaintiff's deposition and for a copy of the transcript, $809.95 for a copy of the deposition transcripts of Justin McMenamin and Paul Nader, and $418.00 for the court reporter's attendance at TJ Bryant's deposition and for a copy of the transcript ($619.50 + $598.00 + $516.75 + $809.95 + $418.00 = $2,962.20).  (Doc. 86 at 2-4; Doc. 86-1).  In support, Defendants provide information as to whose deposition transcript is requested, whether the costs include the court reporter's attendance, and how the deposition related to an issue in the case.  (*See* Doc. 86 at 3-4).  Additionally, Defendants attached the relevant invoices to their motion.  (*See* Doc. 86-1 at 1-5).

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Deposition costs, including transcripts, are, therefore, taxable under § 1920(2).  *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  Attendance fees of the court reporter or the per diem are also taxable.  *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-1380-T-30, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007).

Moreover, a deposition need not have actually been used in connection with a dispositive motion or at trial for its related fees to be taxable.  *See Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757-T-36AAS, 2018 WL 671342, at *3 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted*, No. 8:16-cv-1757-T-36AAS, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018).  Rather, deposition costs are recoverable if the

7

deposition related to an issue that was present at the time the deposition was taken. *See W&O, Inc.*, 213 F.3d at 621. Thus, "a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained [] for use in the case' and its costs will be taxed[.]" *Strong*, 2018 WL 671342, at *3 (quoting *Blanco v. Biscayne Wine Grp., LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *4 (S.D. Fla. June 13, 2014); alterations in original).

Upon review of Defendants' arguments and the attached invoices, the Undersigned finds that Defendants request to tax the court reporter fees is due to be granted in part and denied in part. More particularly, the Undersigned finds that each of the requested costs was reasonably and necessarily incurred. As such, Defendants – as the prevailing parties – are entitled to tax their costs against Plaintiff. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920(2). However, it appears that Defendants made a typographical error as it relates to the requested costs for a copy of the deposition transcripts of Justin McMenamin and Paul Nader. Specifically, the invoice total is $808.95, as opposed to $809.95. (*Compare* Doc. 86-1 at 4, *with* Doc. 86 at 4). Accordingly, the Undersigned finds that Defendants should be permitted to tax $2,961.20 ($619.50 + $598.00 + $516.75 + $808.95 + $418.00 = $2,961.20) against Plaintiff for the court reporter fees and deposition transcripts. (*See* Doc. 86 at 2-4; Doc. 86-1).

8

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Second Renewed Motion to Tax Costs (Doc. 86) be **GRANTED in part and DENIED in part** as follows:

    a. The motion be granted to the extent Defendants be awarded $2,961.20 for court reporter fees and deposition transcripts;

    b. The Clerk of Court be directed to enter a cost judgment for Defendants Carmine Marceno and Robert Casale in the amount of $2,961.20;

    c. The motion be denied to the extent it seeks any greater or different relief.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on November 30, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).

9

A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties